WILL OF FROST: DAHNERT, Appellant, vs. FROST, Executrix, Respondent.

*March 6—April 8, 1958.*

604

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

For the respondent there was a brief and oral argument by *David L. Phillips,* attorney, and *Charles J. Richards* of counsel, both of Kenosha.

MARTIN, C. J.    We agree with the lower court that there is a latent ambiguity in article Second of the will. At the time decedent purchased the parcel in 1937 the entire lot was "commonly known as 1904 Sixty-Second street." However, decedent's treatment of the property between that time and February 23, 1954, when he made his will, gives rise to a latent ambiguity in article Second. Shortly after he purchased it he moved the old house to the rear, installed its own sewer and water connections, erected a fence inclosing the front 85 feet of the lot, and placed a "For Sale" sign on the fence.

Appellant argues that the mere fencing of a rear yard would not indicate that the rear was no longer part of the premises designated by house number, and that the fencing of a front end would make no difference. However, one does not ordinarily move a house from the front to the rear of a lot in order to fence a yard or garden space in the front. And the placing of the sale sign on the fence raises the question whether Frost considered the rear portion of the lot with the house numbered 1904 separate from the front 85 feet or whether he was offering the entire lot for sale. From these extraneous circumstances, which existed at the time he made his will, the ambiguity of article Second appears, and the trial court was warranted in admitting extrinsic evidence with respect thereto.

As observed in annotations, 94 A. L. R. 52, some extrinsic evidence is necessary in every case to identify the persons and property referred to in a will. When such evidence shows that language which is plain on its face becomes uncertain or ambiguous when viewed in the light of surrounding facts and circumstances, extrinsic evidence becomes admissible to resolve the ambiguity thus raised. *Will of Boeck* (1915), 160 Wis. 577, 152 N. W. 155; *Morgan v. Burrows* (1878), 45 Wis. 211. See also 57 Am. Jur., Wills, p. 676, secs. 1041, 1042.

Evidence as to Frost's handling of the property prior to making his will warrants the conclusion that he devised to his daughter the rear portion with the house numbered 1904, exclusive of the front 85 feet. His declarations after February 23, 1954, while perhaps not evidence as to his intention when he made the will, are consistent with that conclusion, whereas petitioner offered no evidence that he ever had any other intention.

The record shows that the testator had been married to Madeline Frost for over thirty years when he made his will. At the time the will was drawn in 1954 the old house had

been moved to the rear of the lot; it had kept its number, 1904, and was so referred to; the portion of the lot on which it previously stood had been fenced in. In 1955 the new home was built; it was numbered 1902 and so referred to. All of these circumstances leave no other consistent conclusion for the court to reach but that article Second gives to the daughter the old house and the land on which it stands, exclusive of the south 85 feet.

*By the Court.*—Order affirmed.